UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIO CELLI,

                Plaintiff,

-against-

DANIEL PEREZ; BENJAMIN SILVERMAN;
RANDI WEINGARTEN; JUDGE COGAN;
JUDGE ENGELMAYERL SHANNON
KOPPLIN; SENATE ETHICS COMMITTEE;
SENATE JUDICIAL COMMITTEE; CHIEF
JUDGE LIVINGSTON; SEN. SCHUMER,

                Defendants.

22-CV-2353 (CS)

ORDER OF DISMISSAL

CATHY SEIBEL, United States District Judge:

    Plaintiff Lucio Celli ("Celli"), who is appearing *pro se,* brings this action apparently seeking injunctive relief in connection with his appeal of his conviction in the United States District Court for the Eastern District of New York, on charges of transmitting threats to injure another, *United States v. Celli*, No. 19-CR-0127 (PAE) (ST) (E.D.N.Y. July 20, 2021), *appeal pending*, 21-1760-CR (2d Cir.).[1] Plaintiff paid the filing fees to initiate this action. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon*

---

[1] On the same day Plaintiff filed this action, March 23, 2022, he brought a substantially similar complaint against some of the same defendants that also was assigned to me. *See Celli v. Katzman*, ECF 1:22-CV-2354, 1 (S.D.N.Y.).

*Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Much of the Complaint is not comprehensible, but it appears that this action arises out of Plaintiff's criminal proceedings in the Eastern District of New York, and his appellate proceedings in the United States Court of Appeals for the Second Circuit, in which Defendant Daniel Perez was assigned to represent Plaintiff. Plaintiff names as Defendants the individuals who were involved in his criminal proceedings, both in the district court and the Second Circuit: (1) Judge Brian Cogan, an Eastern District of New York federal judge who was threatened by Plaintiff; (2) Judge Paul Engelmayer, a Southern District of New York federal judge who was designated to preside over Plaintiff's criminal proceedings; (3) Benjamin Silverman, a criminal defense attorney on the Eastern District's Criminal Justice Act (CJA) panel, who represented Plaintiff in his criminal case; (4) Plaintiff's appellate attorney, Daniel Perez; and (5) Chief Judge Debra Ann Livingston of the Second Circuit. He also names two U.S Senate Committees and an employee of one of those committees, Shannon Kopplin (the "Washington, D.C. Defendants"), Senator Chuck Schumer, and Randi Weingarten, who is the President of the American Federation of Teachers. *See* aft.org/about/leadership/randi-weingarten.

Plaintiff brings this civil action seemingly seeking orders from this Court directing Plaintiff's appellate counsel to represent Plaintiff in the way Plaintiff wants. For example, he

seeks "injunctive relief because it appears that Mr. Perez, [E]sq. will not provide me with the required representation." (ECF 1, at 1.) That representation apparently includes permitting Plaintiff "to submit a video brief." (*Id.* at 3.) Plaintiff asserts that he has initiated this action

> to inform [the Court] that [he] need[s] new counsel, **if** Mr. Daniel Perez,[E]sq. does not ask for the following: [permit Plaintiff] to play all [his] audio recordings of judges, [his] lawyers, and AUSAs for the public and [he] wish[es] to do that in one of the senate committees (I believe that no court can order this).

(*Id.* at 4) (emphasis in original). The audio recording, which "was sent to [Defendants] Ms. Kopplin, Sen. Schumer, Senate Ethic[s] Committee" (*id.*), appears to concern Plaintiff's guilty plea, which he seeks to withdraw because "Judge Engelmayer intimidated [him]," (*id.*). Plaintiff also seeks the "[r]ecusal of AUSA Karaigious with sanctions for misconduct."[2] (*Id.* at 5).

Finally, Plaintiff alleges that "[t]his suit is about showing the country that Sen. Schumer judges helped Randi Weingarten deprive [him] all [his] constitutional rights." (*Id.* at 3.) He also states that his "termination hearing [with the New York City Department of Education] will focus in on the criminal charges." (*Id.*)

Plaintiff invokes the court's federal question jurisdiction, 28 U.S.C. § 1331, arguing that Defendants violated his rights under various constitutional amendments. He also states that his "request is being made pursuant to the Court's supervisory power of CJA" (ECF 1, at 8), citing to *Nnebe v. United States*, a Second Circuit decision on appeal of a denial of a motion brought under 28 U.S.C. § 2255. In *Nnebe*, the Circuit held that the remedy for curing a CJA lawyer's failure to file a petition for a writ of *certiorari* in the United States Supreme Court was to

---

[2] AUSA Karaigious is not named as a defendant. Plaintiff also alleges that his trial counsel, Susan Kellman, "illegally placed [him] in men[]tal health without due process." (ECF 1, at 2.) Plaintiff does not name Kellman as a defendant in this action, but she is listed as one of Plaintiff's attorneys in the criminal proceeding in the Eastern District. *See Celli*, No. 19-CR-0127.

3

construe the appeal as motion to recall the mandate, vacate the mandate, and issue a new mandate so the appellant could file a timely petition for a writ of *certiorari*. 534 F.3d 87, 91 (2d Cir. 2008).

Plaintiff also invokes the court's diversity jurisdiction, asserting that both he and Perez, who resides in New Jersey, are of diverse citizenship. He does not assert any state law claims. In fact, he states that "Mr. Perez has been upfront with [ ]me, and he appears to be sincere, but I know my rights were violated by everyone." (ECF 1, at 13.) Plaintiff does, however, anticipate future ineffectiveness on the part of Perez: "if Mr. Perez does not raise all claims, he provided me with an ineffective assistance of counsel." (*Id.* at 15.)

Plaintiff previously brought a similar action challenging his criminal proceedings, as well as his former employment with the New York City Department of Education. *See Celli v. New York Dep't of Ed.*, ECF 1:21-CV-10455, 10 (S.D.N.Y. Jan. 3, 2022). Plaintiff invoked the court's federal question and diversity jurisdiction, *see* 28 U.S.C. §§ 1331, 1332, asserting that his claims arose under 42 U.S.C. § 1983 and New York law. On January 3, 2022, Chief Judge Laura Taylor Swain dismissed the action, finding that: (1) § 1983 was not the proper vehicle to challenge Plaintiff's criminal conviction; (2) the claims should not be construed as brought under 28 U.S.C. § 2255 – the proper vehicle to challenge a criminal conviction – because Plaintiff's appeal was pending and this District was not the proper venue to bring a § 2255 motion; and (3) the court did not have diversity jurisdiction over any state law claims because Plaintiff and most of the defendants were citizens of New York.

Plaintiff now brings this new action, seeking declaratory and injunctive relief.

## DISCUSSION

**A.    Federal Claims**

Plaintiff seeks an order from this Court directing Plaintiff's assigned appellate counsel,

Daniel Perez, to represent Plaintiff in his appellate proceedings in a manner satisfactory to Plaintiff.[3] He asserts that he is entitled to this relief because, as he understands the role of the court in relation to the CJA panel, the court supervises lawyers on the panel.

Plaintiff's request is denied as judges of this court – or any other federal court – do not supervise lawyers on the CJA panel in the manner in which Plaintiff expects. Courts do not prescribe how assigned lawyers do their jobs. And to whatever extent any court could conceivably supervise lawyers on the Second Circuit CJA Panel, it would be the Second Circuit, not this court. If Plaintiff were able to show that his counsel was representing him ineffectively – and he has made no such showing here – or if Plaintiff had other compelling reasons justifying a substitution of counsel, he could make a motion in the Second Circuit for that relief. *See* Second Circuit CJA Plan Section VI.D (requiring detailed facts and compelling circumstances to justify substitution). And he could raise ineffective assistance of appellate counsel in a habeas proceeding under 28 U.S.C. § 2255 after the conclusion of his appeal. But he cannot petition a district court to provide him new appellate counsel or to tell appellate counsel how to handle the appeal.

At bottom, Plaintiff's request is essentially a challenge to the appellate representation thus far, although Plaintiff concedes his lawyer may not in fact be ineffective. In any event, as already explained to Plaintiff in *Celli*, No. 21-CV-10455, a civil rights action is *not* the proper vehicle to challenge a criminal conviction. Challenges to the constitutionality of a federal conviction must be raised on direct appeal or in a motion under § 2255. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal

---

[3] Perez filed an appellate brief on behalf of Plaintiff on March 24, 2022, the day after Plaintiff filed this action. *See Celli*, No. 21-1760 (Doc. No. 64.)

prisoner's challenge to his conviction and sentence."). And challenges to the effectiveness of trial or appellate counsel generally are raised in a § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

Although Plaintiff seeks to challenge his conviction, the Court declines to construe this new civil action as a § 2255 motion. As also already explained in the 21-CV-10455 action, construing this complaint as a § 2255 motion is not appropriate because (1) such a motion would be premature, *see United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) (holding that *habeas* review should proceed during pendency of direct appeal only in extraordinary circumstances because "the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity"), and (2) such a motion must be brought in the Eastern District of New York, *see* 28 U.S.C. § 2255(a) (a § 2255 motion must be brought in "the court which imposed the sentence").

The Court therefore declines to recharacterize this civil action as a motion under § 2255 and dismisses Plaintiff's claims that his constitutional rights were violated in connection with his conviction, without prejudice to Plaintiff's filing such a motion in the district of conviction.

**B.** **State Law Claims**

Plaintiff alleges that the Court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332 because Perez is a resident of New Jersey, and the amount in controversy exceeds $75,000. To establish diversity jurisdiction under § 1332, a plaintiff must allege that the plaintiff and the defendants are citizens of different states and allege to a "reasonable probability" that the claim is in excess of $75,000.00, the statutory jurisdictional amount. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Moreover, § 1332(a) "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117-18 (2d Cir. 2014) (holding that § 1332 "requires 'complete diversity,' *i.e.*, all plaintiffs must be

citizens of states diverse from those of all defendants."). Although Plaintiff and Perez are from two different states, the majority of the other defendants named in the complaint appear to be citizens of New York – Plaintiff's state of citizenship – with the possible exception of the Washington D.C. Defendants. Thus, diversity of citizenship is not complete.

Generally, a district court must grant a plaintiff leave to amend "'to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship.'" *Pearson v. Reid-Robinson*, 632 F. App'x 19 (2d Cir. 2016) (summary order) (quoting *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987)). It appears that it would be futile to grant Plaintiff an opportunity to drop all of the defendants whose presence defeats diversity jurisdiction because Plaintiff does not assert *any* state law claims against the only diverse defendant, Daniel Perez. Rather, Plaintiff simply notes that he and Perez are of diverse citizenship, not that he intends to bring a state law claim against this defendant. And the Court cannot identify any state law claim Plaintiff could assert based on the facts alleged in the complaint. The Court therefore declines to grant Plaintiff leave to amend his complaint to attempt to show that the Court can exercise diversity jurisdiction of a state law claim he does not assert.

## WARNING

On January 3, 2022, Chief Judge Swain dismissed Plaintiff's complaint challenging his criminal conviction in the Eastern District of New York. *Celli*, ECF 1:21-CV-10455, 10 (S.D.N.Y. Jan. 3, 2022). As noted above, the order of dismissal detailed the reasons why Plaintiff could not challenge his criminal conviction in a civil rights action. In response, or despite that order, Plaintiff filed this new civil rights action, as well as a second civil rights action, *see Celli*, ECF 7:22-CV-2354, 1 (CS), challenging his conviction.

In light of this litigation history,[4] the Court finds that Plaintiff was or should have been aware that he may only challenge his conviction by appealing his conviction – which he is doing – or by filing a § 2255 motion in the Eastern District of New York. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent pro se litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that filing a new civil rights action in this court, challenging his Eastern District of New York conviction, will result in an order barring him from filing any new action challenging that conviction, without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's constitutional challenges to his conviction in the Eastern District of New York are dismissed without prejudice to his pursuing these claims on direct appeal from his conviction or in a collateral challenge to his conviction. The Clerk shall close the case.

The Court warns Plaintiff that filing a new civil rights action in this court, challenging his Eastern District of New York conviction, will result in an order barring him from filing any new action challenging that conviction, without prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[4] Plaintiff also has been barred in the Second Circuit where a leave-to-file sanction was imposed on January 12, 2018. *See Celli v. Cole*, No. 17-234-cv (2d Cir. Jan. 12, 2018).

The Clerk of Court is directed to mail a copy to Plaintiff and note service on the docket.

SO ORDERED.

Dated: March 29, 2022
       White Plains, New York

                                                _____
                                                    CATHY SEIBEL
                                                    United States District Judge