# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

**7:22-cv-02354-CS**

**7:22-cv-02353-CS**

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

**MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6) AND REQUEST FOR EVIDENTIARY HEARING—Your Honor's decision was influenced Schumer for Randi Wiengarten and Engelmayer—as congress needs all facts with Judge Lehrburger needs to be disqualified from reappointment as a magistrate judge, as he misused his office for Randi Weingarten to steal wages and pension theft**

Dear Pres Trump, AG Bondi, Houe Jud Com., Sen Jud Com. Sen. Ethics Com, Hon. Conrad, Hon. Cronan, Hon. Taylor- Swain, Hon. Seibel, and others, **as the Randi Weingarten and the UFT are allowed to commit any crime against with them being able to get away with it**[1]

Plaintiff respectfully moves this Court under Federal Rule of Civil Procedure 60(b)(6) for relief from judgment on the grounds of extraordinary circumstances involving political bias, judicial misconduct, and the deprivation of all constitutional guarantees of a fair trial. Plaintiff also requests an evidentiary hearing to establish the factual basis for the claims herein.

Magistrate Lehrburger knowingly misrepresented what occurred before Your Honor and I am now HIV drug resistance because you decided to "ignore, distort, and cherry picking" to conceal Engelmayer's and Randi's criminal involvement.

## I. INTRODUCTION

The issue at hand is the misuse of a judge's office for Schumer, who gave you your judgeship and the appearance that Your Honor is part of a Schumer's Judicial Cartel. I implore Your Honor to hold an evidently hearing to distance yourself from Randi and Engelmayer who have committed crimes against me under 18 USC §241 with it being televised for Randi's public and her TRUE face could be shown to the public.

This motion is brought to vindicate core constitutional rights violated by a conspiracy involving Judge Paul A. Engelmayer, union leader Randi Weingarten, and other officials who colluded to deny Plaintiff due process, equal protection, and access to an impartial tribunal. The record reflects a pattern of intentional suppression of evidence, retaliation, and adjudicative bias that collectively deprived Plaintiff of a meaningful opportunity to be heard.

## II. LEGAL STANDARD

**Federal Rule of Civil Procedure 60(b)(6)** allows a court to relieve a party from a final judgment for "any other reason that justifies relief," especially where extraordinary circumstances exist. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988). Relief is warranted where "the integrity of the judicial process" is at stake. *United States v. Throckmorton*, 98 U.S. 61 (1878); *Klapprott v. United States*, 335 U.S. 601 (1949).

Due process demands a "neutral and detached judge," *Ward v. Village of Monroeville*, 409 U.S. 57, 62 (1972), and courts have an inherent duty to ensure fairness in judicial proceedings. Where political favoritism or outside influence taints the judicial process, it violates the structural protections of the Constitution.

## III. GROUNDS FOR RELIEF

1. **Political Bias and Conflict of Interest**
   Judge Engelmayer failed to disclose extrajudicial relationships with individuals including Randi Weingarten, a non-party whose influence distorted the proceedings. Evidence—including omitted judicial orders and undisclosed communications—shows that political allegiances were prioritized over judicial neutrality. This constitutes a violation of due process under *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).
2. **Denial of a Fair Trial and Access to Evidence**
   The Court knowingly disregarded material audio recordings, union contract misrepresentations, and critical testimony that would have contradicted findings adverse

    to Plaintiff. This selective omission mirrors conduct deemed constitutionally impermissible in *Brady v. Maryland*, 373 U.S. 83 (1963), and undermines public confidence in the judiciary.

3. **Judicial Misconduct and Fraud on the Court**
   As outlined in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), judicial decisions procured through misconduct or collusion warrant vacatur. Judge Engelmayer's rulings reflect "an unconscionable scheme" to shield politically connected parties from accountability.

4. **Obstruction by Randi Weingarten and Institutional Retaliation**
   Randi Weingarten exercised impermissible influence over judicial and administrative bodies, effectively preempting Plaintiff's right to a neutral adjudicator and honest fact-finding. Retaliatory actions targeting Plaintiff's protected speech and litigation efforts violate *Hartman v. Moore*, 547 U.S. 250 (2006).

## IV. REQUEST FOR EVIDENTIARY HEARING

Plaintiff respectfully requests an evidentiary hearing to establish:

- That judicial findings omitted dispositive evidence;
- That Judge Engelmayer's impartiality was compromised under *28 U.S.C. § 455(b)(4),* (f);
- That communications between the Court, Weingarten, and third-party actors were not disclosed despite bearing on the outcome;
- That rulings by the Court were based on animus, political alignment, or retaliation against Plaintiff's exercise of rights under *42 U.S.C. § 1983*.

## V. RELIEF REQUESTED

Plaintiff respectfully requests the following:

1. **Vacatur of all prior orders and judgments** entered in this action;
2. **An evidentiary hearing** on the factual basis of the judicial bias, misconduct, and fraud alleged herein;
3. **Disqualification and reassignment** under *Liteky v. United States*, 510 U.S. 540 (1994), and *28 U.S.C. § 455*;
4. Any other relief the Court deems just and proper to protect the appearance and reality of judicial integrity.

/s/ Lucio

DATED: June 19, 2025
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
917-275-3919
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on today, a copy of the foregoing Motion to void for political partisan decision was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.